**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


**THOMAS J.  HYATT,**

             **Plaintiff,**

**v.**

                                                     **Case No.: 3:06cv64/MCR/EMT**

**L.C. INDUSTRIES FOR THE BLIND, INC.,**

             **Defendant.**

_____/

**O R D E R**

       In this action, Thomas J. Hyatt has sued L.C. Industries for the Blind, Inc., under the Americans with Disabilities Act, 42 U.S.C. § § 12112-12117, et seq., alleging employment discrimination.[1]  Presently before the court is the motion for entry of default judgment pursuant to Fed.R.Civ.P. 55 filed by Mr. Hyatt. (Doc. 9).  Also pending are the motions to set aside entry of default, deny entry of default judgment, and for leave to file an answer and affirmative defenses to an amended complaint filed by LC Ind Inc. (Docs. 30, 31).  Mr. Hyatt has filed a response. (Doc. 33).

       Mr. Hyatt does not dispute the assertion by LC Ind., Inc., that in filing his complaint and naming as defendant L.C. Industries for the Blind, Inc.,  he named the wrong corporate entity.  According to LC Ind Inc., the corporation known as L.C. Industries for the Blind, Inc., no longer exists because on August 21, 2002, "LC Ind Inc. amended its articles of incorporation and changed its name from 'L.C. Industries for the Blind, Inc.,' to 'LC Ind Inc.'" (Doc. 30 at 15).

       Accordingly, pursuant to Fed.R.Civ.P. 55(c), for good cause shown based on the failure to name the proper party as defendant, the court shall grant LC Ind Inc.'s motion

---

[1]    Mr. Hyatt alleges that L.C. Industries for the Blind, Inc., a business that provides employment for blind persons, refused to hire him because of his total blindness.  (Doc.  1).

and set aside the default entered by the clerk on July 18, 2006.  (Doc. 10).  Mr. Hyatt's motion for entry of default judgment is therefore moot and shall be denied.

LC Ind Inc. states that had Mr. Hyatt agreed to set aside the default (during the course of the court-ordered conference conducted by the parties (see doc. 21, order dated January 24, 2007)), it would have been amenable to his filing an amended complaint naming it as the proper defendant, provided it was given twenty days in which to answer and raise affirmative defenses. Sua sponte, the court shall grant Mr. Hyatt leave to file an amended complaint which names LC Ind Inc. as the defendant in this action. The pending motion for leave to file an answer and affirmative defenses is therefore granted.

Accordingly, it is ORDERED:

1.      The motion to set aside the default entered by the clerk on July 18, 2006 (doc. 30) is GRANTED, and the default entered that date is SET ASIDE.

2.      The motion for entry of default judgment pursuant to Fed.R.Civ.P. 55 filed by Mr. Hyatt (doc. 9) is DENIED, as moot.

3.      Plaintiff has leave of court to file an amended complaint naming as defendant LC Ind Inc., within ten (10) days of the date of this order.  Plaintiff's failure to do so or otherwise respond to the instant order may result in the dismissal of this action.

4.      The motion for leave to file an answer and affirmative defenses to plaintiff's amended complaint (doc. 31) is GRANTED.  LC Ind Inc., shall have twenty (20) days from the date of filing of the amended complaint in which to file its answer and affirmative defenses.

**DONE AND ORDERED** this 22nd day of February, 2007.


_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**